# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE PRIETO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-4850 |
| | : | |
| **JUDGE GENECE E. BRINKLEY,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                    **July 28, 2020**

A state court judge revoked parole and returned a formerly incarcerated man to state prison to complete the twenty-three months of his sentence to be completed on July 26, 2020. He thinks the judge erred in failing to account for time earlier served in prison. He never appealed the sentence. He never exhausted his challenges to this alleged calculation error by either the Pennsylvania Department of Corrections or the judge. He instead *pro se* petitioned for habeas relief arguing the judge improperly calculated the amount of time on the balance of his sentence and he should have been released weeks earlier than July 26, 2020. The Department of Corrections released him from custody in April 2020 to serve the balance of his sentence on parole. As he is now free of custody and parole and we are not aware of his violating parole once the Commonwealth released him from custody through July 26, 2020, the issues are now moot. Even if ripe, we may not proceed as he failed to exhaust this calculation challenge in the state court. We find no basis for a certificate of appealability. We dismiss his petition and deny a certificate of appealability.

**I.     Facts**

Pennsylvania state court judge The Honorable Genece E. Brinkley found Andre Prieto guilty of possessing an instrument of crime and simple assault following a bench trial in the Philadelphia Court of Common Pleas.[1] On September 13, 2013, Judge Brinkley sentenced Mr. Prieto to two and a half to five years' incarceration, followed by a consecutive two year term of probation with credit for time served.[2] A little over four years later, the Pennsylvania Department of Corrections released Mr. Prieto on parole.[3]

In 2018, Mr. Prieto failed multiple random urinalysis tests. The Commonwealth detained Mr. Prieto on July 6, 2018,[4] and Judge Brinkley found he violated parole conditions.[5] He remained in prison from July 6, 2018 until August 27, 2018.[6] The Department of Corrections then improperly released him on parole without leave of court on August 27, 2018.[7]

Once back on the street, Mr. Prieto tested positive for drugs in his urine twice in September 2018 and once in early October 2018.[8] On October 18, 2018, Judge Brinkley found Mr. Prieto violated his parole conditions and again revoked his parole.[9] Judge Brinkley ordered Mr. Prieto to serve the remainder of his outstanding 2013 sentence in state prison.[10] One year, eleven months and six days remained on the 2013 sentence.[11] At trial, counsel informed Mr. Prieto of the ten-day window within which he could move to reconsider Judge Brinkley's sentence, and the thirty-day window after his motion to reconsider within which he could appeal Judge Brinkley's sentence.[12] Mr. Prieto moved for reconsideration of sentence on October 23, 2018.[13] The common pleas court did not rule on his motion within 120 days, which constitutes a denial under Pennsylvania law.[14] There is no evidence Mr. Prieto appealed the decision.

Upon his return to prison, the Department of Corrections determined Mr. Prieto's sentence would expire on July 26, 2020.[15] He remained on parole until July 26, 2020. Mr. Prieto argues the

Department of Corrections made a mistake, and the release date should have been June 5, 2020.[16] The Commonwealth released Mr. Prieto on parole in April 2020.[17] He is no longer in custody. He is also no longer on parole to our knowledge.

**II.    Analysis**

Before his release, Mr. Prieto *pro se* petitioned for release from custody under 28 U.S.C. § 2254. He sought release arguing the Commonwealth did not give him credit for fifty-three days of time served from July 6, 2018 to August 27, 2018.[18] He is no longer in custody and his termed sentence expired on July 26, 2020. He is no longer incarcerated or on parole. We dismiss for lack of jurisdiction and failure to exhaust.

      **A.    We lack jurisdiction over Mr. Prieto's petition.**

Federal courts can only decide an ongoing case or controversy under Article III of the United States Constitution.[19] "In a habeas petition, there is a general requirement that the petitioner be in custody."[20] And "[i]f the petitioner is no longer in custody, a habeas petition is generally moot."[21] But "[w]hen a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that 'a wrongful criminal conviction has continuing collateral consequences' sufficient to satisfy the injury requirement."[22]

In *Paskins*, the petitioner filed a writ of habeas corpus challenging his sentence on several grounds.[23] The state argued the application became moot upon his release on probation.[24] But "[t]he court reject[ed] this argument, because petitioner's 'actual innocence' argument challenges the validity of his January 2013 VOP proceeding . . . not just the portion of the VOP sentence ordering his . . . incarceration."[25] Mr. Prieto challenges the max end date of his sentence as incorrect because it fails to consider past time served. Even his contested max end date, July 26, 2020, is over.

In *Strother v. Nardolillo*, the incarcerated man petitioned for a writ of habeas corpus under 28 U.S.C. § 2244 challenging the Pennsylvania Board of Probation and Parole's decision to detain him after his maximum end date.[26] He alleged being " improperly (1) denied a revocation hearing, (2) denied a recalculation hearing, and (3) denied appointment of counsel."[27] Judge Brody found "[i]f the petitioner is released while the habeas petition is still pending . . . the court must evaluate the petition under the case or controversy requirement."[28] Judge Brody reasoned "[w]here a petitioner challenges the revocation of parole, however, collateral consequences are not presumed and must instead be demonstrated by the petitioner," and held Mr. Strother had not shown continuing harm from collateral consequences, rendering his petition moot.[29]

Mr. Prieto's sentence expired on July 26, 2020. He no longer remains under the Commonwealth's control and he fails to establish continuing harm after his release from custody. For example, he has not shown us injury caused by parole until July 26, 2020 and especially between his argued date of June 5, 2020 and July 26, 2020.

We gave Mr. Prieto from June 23, 2020 to July 14, 2020 to respond to the brief opposing his petition.[30] Mr. Prieto did not respond and does not plead he suffers continuing harm. Without evidence of continuing harm from collateral consequences, we lack a case or controversy under Article III and must dismiss for mootness.

**B.  Mr. Prieto failed to exhaust.**

Even if we retained jurisdiction, we deny his petition for failure to exhaust.

Mr. Prieto alleges Judge Brinkley violated his Fifth, Eighth, and Fourteenth Amendment rights when she extended his maximum sentencing date in error.[31] Mr. Prieto also argues he previously moved for reconsideration of sentence to contest the extension of his sentence and thus exhausted his state remedies.[32] The United States counters Mr. Prieto has yet to exhaust his

4

remedies and requests we dismiss his claims without prejudice so he might bring the petition in state court.[33] We agree with the United States.

Congress intended state courts be the primary forum for constitutional challenges to state law convictions.[34] "[A] federal habeas court may not grant a petition for writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts."[35] A petitioner exhausts his remedies if he "'fairly presented' the merits of his federal claims during 'one complete round of the established appellate review process.'"[36] A federal claim has been "fairly presented" if the petitioner presents largely the same factual and legal basis for the claims in state court[37] at every available level of the state's judicial system.[38]

A federal court should dismiss unexhausted claims without prejudice so the petitioner might bring the matter in state court and allow the state forum the chance "to correct their own errors, if any."[39] But "[i]f [the] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. . . . [T]here is procedural default for the purpose of federal habeas."[40] In such situations federal habeas review is barred unless the petitioner can demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claim[] will result in a fundamental miscarriage of justice."[41]

Mr. Prieto alleges Judge Brinkley failed to give him credit for time already spent in custody in extending his maximum date of confinement to July 26, 2020.[42] The United States claims "he has never raised this claim with the state courts despite having the opportunity to do so."[43] Mr. Prieto claims he appealed the decision by moving for reconsideration of sentence before Judge Brinkley on October 23, 2018 to contest the extension of his sentence.[44] Mr. Prieto provides no

information on the outcome of the motion and there is no decision in the state court record. Under Pennsylvania law, "[i]f the judge fails to decide the motion within 120 days, or to grant an extension . . . the motion shall be deemed denied by operation of law."[45] As a matter of Pennsylvania law, we consider Mr. Prieto's motion denied on February 20, 2019. Mr. Prieto had thirty days to appeal the denial of his motion to reconsider: he needed to appeal the denial by March 22, 2019.[46] He did not. Mr. Prieto's failure to timely appeal means he failed to exhaust his state court remedies, barring him from bringing a habeas petition here.[47]

To overcome the procedural bar, Mr. Prieto would have to demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claim[] will result in a fundamental miscarriage of justice."[48] Mr. Prieto makes no such arguments.

To the extent Mr. Prieto attempts to bring an illegal sentencing claim, such a claim is not within our habeas review.[49] "The Third Circuit has specifically held that '[t]he contention that gross disparities in sentences violates due process or equal protection lacks merit'"[50] and are not properly considered in a federal habeas petition.[51] The United States also argues Mr. Prieto's grievance is with the Pennsylvania Department of Corrections and not Judge Brinkley's sentencing decision.[52]

Mr. Prieto seemingly challenges the Department of Corrections' calculation of time served as approved by Judge Brinkley.[53] Mr. Prieto can grieve over the calculation with the Pennsylvania Department of Corrections. If the matter cannot be resolved administratively and "the alleged error is thought to be the result of an erroneous computation of sentence . . . then the appropriate vehicle for redress would be an original action in the [state court]."[54] In any of the previously mentioned situations one thing is apparent: Mr. Prieto's grievance is not a matter properly handled here.

### C. We deny a certificate of appealability.

Our last consideration is a certificate of appealability. When a district court denies a habeas petition on procedural grounds without addressing the underlying constitutional claims, it may issue a certificate of appealability only if "the prisoner shows . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[55] Mr. Prieto's petition is moot, and he failed to exhaust. We find no reason to assume Mr. Prieto would argue, or we could find, jurists of reasons would find it debatable whether we are correct.

## III. Conclusion

Mr. Prieto's claims are moot, unexhausted, and procedurally barred. We dismiss Mr. Prieto's petition. We also deny a certificate of appealability as there are no grounds for reasonable jurists to dispute.

---

[1] ECF Docs. No. 8, at 1; 12-2, at 1.

[2] ECF Doc. No. 12-1, at 1.

[3] *Id.*

[4] ECF Doc. No. 12-3.

[5] *Id.*

[6] ECF Doc. No. 12-5.

[7] *Id.*

[8] ECF Doc. No. 12-6.

[9] *Id.*

7

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 36.

[13] ECF Doc. No. 4 at 6.

[14] Pa.R.Crim.P. Rule 720(B)(3).

[15] *Id.*

[16] *Id.*

[18] ECF Doc. No. 4 at 2.

[19] *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

[20] *Hart v. County of Delaware Off. of Probation & Parole*, No. 07-4839, 2008 WL 4646144, at *1 (E.D. Pa. Oct. 17, 2008) (citing *U.S. v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008)).

[21] *Id.*

[22] *Paskins v. Pierce*, 253 F. Supp. 3d 753, 756-57 (D. Del. 2017) (citing *Spencer v. Kemna*, 523 U.S. 1, 8 (1998)).

[23] *Id.* at 756.

[24] *Id.* at 757.

[25] *Id.*

[26] 583 F. Supp. 2d 645, 647 (E.D. Pa. 2008).

[27] *Id.*

[28] *Id.* at 648 (citing *Kissinger*, 309 F.3d 179, 180).

[29] *Id.*

[30] ECF Doc. No. 13.

[31] U.S. CONST. amend. V, VIII, XIV. Mr. Prieto reiterates nearly identical claims in grounds 1-4 so we consolidate for clarity. ECF Doc. No. 4 at 5-10.

[32] ECF Doc. No. 4 at 6.

[33] ECF Doc. No. 8 at 2.

[34] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[35] *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)).

[36] *Miller v. Beard*, 214 F. Supp. 3d 304, 319 (E.D. Pa. 2016) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[37] *Id.* (citing *Nara v. Frank*, 488 F.3d 187, 198–99 (3d Cir. 2007)).

[38] *See Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

[39] *Souffrant v. Kauffman*, No. 18-2848, 2019 WL 1752916, at *3 (E.D. Pa. Jan. 30, 2019) (citing *Toulson v. Beyer*, 987 F.2d 984, 989 (3d Cir. 1993)).

[40] *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

[41] *Id.* at 750.

[42] *Id.*

[43] ECF Doc. No. 8 at 4.

[44] ECF Doc. No. 4 at 6.

[45] Pa.R.Crim.P. 720(B)(3)(a). If the state trial court fails to decide on the motion by the end of the 120-day period and the motion is considered denied as a matter of law, "the clerk of courts shall forthwith enter an order on behalf of the court, and . . . forthwith shall serve a copy of the order on . . . the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied." Pa.R.Crim.P. 720(B)(3)(c). If the clerk of the court fails to file such an order and provide proper notice to the movant indicating the motion was denied, the movant's window to appeal is predicated upon the date the order is actually filed in the trial court: "defendant's appeal of denial of post-sentence motions by operation of law was untimely [but] appeal was nonetheless reviewable because untimely filing was due to breakdown of trial court processes." *Com. v. Khalil*, 806 A.2d 415 (Pa. Super. 2002). If it is the case the clerk of the state court never notified Mr. Prieto of the denial of his motion as a matter of law, he has a thirty-day window from the date of notice within which a reviewable appeal might be filed, but this is a matter for the state court.

[46] Pa.R.Crim.P. 720(A).

[47] *Coleman*, 501 U.S. at 750.

[48] *Id.*

[49] *See Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991) ("Our review of a federal *habeas* corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.").

[50] *Johnson v. Attorney Gen. of Pennsylvania*, No. 18-01446, 2019 WL 8277239, at *7 (E.D. Pa. Nov. 13, 2019) (citing *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 43 (3d Cir. 1984)), *report and recommendation adopted*, No. 18-01446, 2020 WL 1435162 (E.D. Pa. Mar. 24, 2020).

[51] *Id.*

[52] ECF Doc. No. 8 at 4.

[53] *§ 32:5.Prerelease transfers; furloughs; credit for earned or good time*, 16B WEST'S PA. PRAC., CRIMINAL PRACTICE (2019).

[54] *Com. v. Heredia*, 97 A.3d 392, 394–95 (Pa. Super. 2014).

[55] *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).